KORNMANN, District Judge,
concurring in part and dissenting in part.
I join the majority opinion with one exception. I respectfully dissent as to the Hobbs Act, 18 U.S.C. § 1951, convictions. I will not discuss grouping questions under the Guidelines since this is, after all, nothing but a dissent.
The majority opinion relies largely on United States v. Cox, 942 F.2d 1282 (8th Cir.1991). There is precious little in the Cox opinion to guide us. “Based on the evidence at trial, we conclude that the Government sufficiently proved the inter *1069 state character of Perez’s drug trade. Cf. United States v. French, 628 F.2d 1069, 1077-78 (8th Cir.) (extortion from business regularly and substantially involved in interstate commerce supplies requisite nexus), cert. denied, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 ... (1980).” Cox, 942 F.2d at 1286.
The victim here was a small time drug dealer. The total amount of cocaine stolen was four ounces. There was no sufficient evidentiary foundation to show that he was “regularly and substantially involved in interstate commerce.” The theory of the prosecution must have been that the robbery involving the small quantity of cocaine apparently obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce. This, however, was nothing but a local robbery which should have been prosecuted, if at all, in state court. Hobbs Act charges in a case of this type contribute to the diminishment of federalism in our country where, in the present course of things, any illegal activity will eventually be a federal crime of some sort.
I believe this case is controlled by the more recent and definitive case of United States v. Quigley, 53 F.3d 909, 910 (8th Cir.1995). “The commerce power is not unbridled, however. Because of federalism, Congress only has power to regulate conduct that ‘exerts a substantial economic effect on interstate commerce.’ Wickard v. Filburn, 317 U.S. 111, 125, 63 S.Ct. 82, 87 L.Ed. 122 ... (1942). ‘Congress may not regulate conduct that, standing alone, does not directly affect interstate commerce’ or have a ‘substantial indirect effect on interstate commerce.’ Collins, 40 F.3d at 101.” There was no evidence in the present case of any “substantial economic effect on interstate commerce.”
We are further instructed in Quigley. “Criminal acts directed towards individuals rather than businesses may violate § 1951(a) only if (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce, (2) the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce, or (3) the acts cause or are likely to cause the individual victim to deplete the assets of an entity engaged in interstate commerce. Collins, 40 F.3d at 100 (footnotes omitted). Under this standard, the theft of an individual’s car did not affect interstate commerce within the meaning of § 1951(a) even though the theft prevented the individual, a national computer company employee, from attending a business meeting and using his cellular telephone to make business calls. Id. at 97-101.” Id. I respectfully submit that the theft here did not and could not satisfy any of the three tests described. With this country awash in illegal drugs, the robbery here, as in Quigley and Collins, “had no effect or realistic potential effect on interstate commerce.” I would set aside the robbery convictions and remand to the district court to conduct another sentence hearing.